JOHN MILLAR, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

## *Appeal from Leavenworth County.*

Where the record shows that the grand jury in a body came into Court, and through their foreman presented to the Court six bills of indictment, each endorsed "a true bill" and signed by the foreman, and that at that term the grand jury of the State in and for the County, naming it, duly empannelled, sworn and charged to inquire within and for said County, through their foreman—naming him—presented to the Court sundry bills of indictment, which are recorded, and among which is the record of one against the defendant, *held* that the record shows affirmatively, that the indictment was returned into Court by the grand jury.

Millar v. The State of Kansas.

When the appellant was tried upon a *copy* of the indictment, as found on record, and not upon the original bill signed by the foreman, *held* that as it would have been proper to show by affidavit that the original bill had been lost or destroyed, and that the omission to file such affidavit, or to place it upon record if filed, would be merely a "technical error or defect" within the meaning of Sec. 276 of the Criminal Code, and must be disregarded.

*Held* that Sec. 32 of the "Act relating to Crimes and Punishments," making no distinction as to the degree of the offense, an indictment founded on that section need not state the degree of the offense of which the jury found the defendant guilty.

The indictment in the case held to be sufficiently "direct and certain as to the party and the offence charged," as required by Sec. 90 of the said Act.

The lands known as the "Delaware Reserve," so far as the administration of justice, to persons not belonging to the Delaware nation or tribe, is concerned, form an integral part of the counties within whose boundaries they are included, and held that the boundaries of Leavenworth County are defined by the Statute.

A charge by the Court to the jury "that the allegation on purpose and of malice aforethought in the indictment, must be established beyond a reasonable doubt, the same as any other allegation or material fact," that "this purpose need not be conceived any length of time before the act, nor need the malice aforethought exist days or hours before; it is sufficient if just before the act was committed, the defendant conceived the purpose of killing Stigers." He did it then "on purpose and with malice aforethought," *it is conceived,* might have been justly and properly used, to the jury in connection with other instructions, and the proper and legal proofs of the commission of the offense, and where the bill of exceptions does not purport to give the whole of the charge, the whole of which with the evidence might have been therein embraced, and does in fact give no more than the words excepted to, *held* that the presumption, in absence of proof to the contrary, is, that it was so given.

The term "penitentiary" *held* to be an English word in common use, signifying a prison or place of punishment, and means the place of punishment in which convicts sentenced to confinement and hard labor, are confined by the authority of the law.

At the February Term, A. D. 1863, of the Criminal Court of Leavenworth County, the following proceedings were had, that "Now cometh the grand jury in a body into open Court, and through their foreman, H. B. Keller, present to the Court six bills of indictment, each endorsed "a true bill" and signed H. B. Keller foreman.    *  *  *

And that afterwards there was recorded the following, to-wit: Record of indictments February Term, 1863. * * The grand jurors of the State of Kansas and in and of the County of Leavenworth, duly empannelled, sworn and charged to inquire within and for said county, at said term of said Court on the 4th day of February, A. D. 1863, through their foreman, H. B. Keller, Esq., presented to the Court sundry bills of indictment in words and figures following, to-wit: Among the indictments so recorded is the following, to-wit:

THE STATE OF KANSAS, } ss.    In the Criminal Court
   LEAVENWORTH COUNTY, }    of Leavenworth County.

THE STATE OF KANSAS,
     v.
  JOHN MILLAR.

The grand jurors for the State of Kansas and in and of the County of Leavenworth, duly empannelled, sworn and charged to inquire within and for the County of Leavenworth in the name and by the authority of the State of Kansas, upon their solemn oaths, do present that John Millar, late of said County, at said County of Leavenworth, and within the jurisdiction of the Court, on the 7th day of January, A. D. 1863, on purpose and of his malice aforethought, did shoot one George Stigers with a certain gun, the said gun being then and there loaded with gunpowder and divers to-wit, sixty shot, with the intent him the said George Stigers then and there to kill, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Kansas. And the jurors aforesaid, upon their oaths aforesaid, do further present that John Millar, late of said County, at said County of Leavenworth, and within the jurisdiction of this Court, on the 7th day of January, A. D. 1863, on purpose, and of his malice aforethought, and feloniously did shoot at one George Stigers, with a certain gun, the said gun being then and there charged with gunpowder

and divers to-wit, sixty leaden shot, with the intent, him the said George Stigers, then and there on purpose, feloniously, and of his malice aforethought, to kill contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Kansas. And the jurors aforesaid, upon their oaths aforesaid, do further present that John Millar, late of said County, at said County of Leavenworth, and within the jurisdiction of this Court, on the 7th day of January, A. D. 1863, on purpose, feloniously, and of his malice aforethought, did shoot one George Stigers in and upon the right arm and right side of the breast of him the said George Stigers, with a certain gun, the said gun being then and there charged with gunpowder and divers to-wit, sixty leaden shot, which said gun, he the said John Millar then and there in both of his hands, had and held with the intent, him the said George Stigers then and there on purpose, feloniously, and of his malice aforethought, to kill contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Kansas.

THOMAS FENLON,
*Dist. Att'y, 1st Jud. Dist.*

Which said indictment is endorsed as follows, to-wit: The State of Kansas *v.* John Millar, Ind., for shooting with intent to kill.

Witness Robin Ellis, George Stigers, James Arnold, Joel Cheatwood.

A true bill, Henry B. Keller, foreman.

Filed Feb. 4th, 1863, William Shepherd, Clerk.

Amount of bail fixed at $1,000, D. J. Brewer, Judge.

And which said record of indictment is signed

DAVID J. BREWER, *Judge.*

Case argued by *James McCahan,* for appellant, and by *F. P. Fittzwilliam,* for appellee.

*McCahan & Greer,* for appellant, defendant in error:

The record should show affirmatively the return of the indictment into Court, by the grand jury. 11 *Ind.*, 304; *Wheat's. Com. Law*, (4th *Ed.*) 500-501. And it is reason why the finding should be recorded. *Wheat. Com. Law*, 500-501; 11 *Ind.*, 304; 3 *Gil.*, 71. The record in this case does not show as required by the statute that the indictment was presented by the foreman of the grand jury, in their presence, to the Court. *Comp. Law of Kan.*, p. 250, *Sec.* 79. The record required by Section 103 of the Criminal Code, is no part of the record in the case, but is only made for the purpose therein expressed, viz: from which to make a copy in case the original be lost or destroyed, and cannot help any defect in the proceedings.

The verdict of the jury should state the degrees of the offence of which they found the defendant guilty. *Comp. Laws of Kan.*, p. 253, *Sec.* 107-108, p. 268, *Sec.* 218; 8 *Mo. Rep.*, 435-20; *Mo.*, 397; 5 *Mo.*, 492; 25 *Mo.*, 167.

The record should show that the defendant was present when the verdict was rendered. *Sec.* 186, *Crim. Cases.*

The instruction to the jury, viz: "This purpose need not be conceived any length of time, before the act, nor the malice aforethought, exist days or hours before. It is sufficient if just before the act was committed, defendant conceived the purpose of killing Stigers. *He did it then on purpose, and of malice aforethought*," is erroneous. 16 *Mo.*, 394; 5 *id.* 379; *Carle Hornes' case, Sup. Ct., Kans.*, (1 *Kan. St. Rep.* 42.)

This instruction excludes all consideration whether the assault was committed under circumstances of provocation or in self-defense. 16 *Mo.*, 394.

The Court erred in not charging the jury as set forth in reason five in the motion for a new trial. 16 *Mo.*, 394; *Carle Hornes' case, Sup. Ct. Kans.*, (1 *Kan. State Rep.* 42.

The judgment is erroneous, and not authorized by law. The punishment assessed by the Court is troubled with the same defect. There is no "Penitentiary of the State of

Kansas," nor is there any statute authorizing punishment by confinement at hard labor " *In the Penitentiary of the State of Kansas.*"

*F. P. Fitzwilliam* for appellee.

Several questions are presented to the consideration of the Court by the appellant, which the appellee does not deem material or substantial. We will consider the following points urged in appellant's brief in their order.

I. "The record should show affirmatively the return of the indictment into Court by the grand jury."

We aver that the record shows affirmatively this fact, and also, that the record shows all that the statute requires. *See Code Criminal Proceedure, Sec.* 103-5-6, *p.* 252.

II. "The verdict of the jury should state the degree of the offence of which they found the defendant guilty."

1st. Under the indictment there is but one degree upon which they could find a verdict.

2d. The verdict must be for the offense as charged, unless there is something affirmatively shown by the party alleging the error.

III. "The record should show that the defendant was present when the verdict was rendered."

1st. It does not appear from the record that the defendant was absent.

2d. The presumption of law is in favor of the regularity of the proceedings, and also that a party charged with the commission of an offense, and who is on trial, was present. The record shows that the prisoner had plead not guilty. That a jury was empannelled to try the case, and that witnesses were examined, &c. *See also, Sec.* 186 *Crim. Prac., Sec.* 229, *ibid. Sec.* 232, *ibid.*

As to the instructions of the Court cited in the brief, we call attention to Carle Hornes' case as affirming the instructions of the Court given in that case on this proposition, and to the authorities affirming this instruction as be-

ing law cited on this point in the brief of the defendant in error in that case.

To the last proposition, we refer the Court to Sec. 221-237, Code Crim. Prac.

*By the Court,* BAILEY J.

At the February Term of said Court in 1863, an indictment was found against Millar, the appellant for shooting with intent to kill one George Stigers, and at the next June Term of said Court, a trial was had and a verdict of guilty rendered by the jury, fixing the punishment at two years hard labor.

Motions to quash, for a new trial and in arrest of judgment were made by the defendant's counsel and overruled by the Court, and the defendant sentenced to two years hard labor *in the penitentiary.*

It is claimed for the appellant, that the record should show affirmatively that the indictment was returned into Court by the Grand Jury.

The record does in fact show that the Grand Jury, in a body came into Court, and through their foreman, presented to the Court, six bills of indictment, each endorsed a true bill and signed by the foreman.

Afterwards the record shows the following entry: "Record of indictment, February Term, 1863, Be it remembered, that at a session of the Criminal Court of Leavenworth county, at the February Term of said Court, begun, and held in the City of Leavenworth, in the county aforesaid, commencing on Monday, the second day of February, A. D. 1863, the Grand Jury of the State of Kansas, in, and for the County of Leavenworth, duly empannelled, sworn and charged to enquire within, and for said county, at said Term on the fourth day of Fedruary, A. D. 1863, through their foreman, H. B. Keller, Esq., presented to the Court sundry bills of indictment, which are in words and figures following, viz: among other in-

dictments, so recorded is the following, to-wit: Then follows the indictment against Millar.

It will be readily seen that the objection as stated is invalid since the record does show affirmatively the return of the indictment into Court by the Grand Jury. But the *real* scope of the objection seems to be, that the appellant was tried upon a copy of the indictment, as found on record, and *not* upon the original bill signed by the foreman.

Conceding this to have been the fact, it would have been proper to show by affidavit, that the original bill had been lost or destoryed; but the omission to file such an affidavit, or to place it upon the record if filed, would, we apprehend be merely a "technical error or defect" within the meaning of Sec. 276 of the Criminal Code, and must therefore be disregarded.

It is further objected, that the verdict of the jury should have stated the degree of the offence of which they found the defendant guilty.

To this objection, it is sufficient to remark, that the indictment is founded upon Sec. 32, of the "Act relating to Crimes and Punishments," and the Act makes no distinction as to the degree of the offense.

A motion to quash the indictment was made, and the reason assigned, was, that the indictment does not state facts sufficient to constitute a public offence; but upon examination, we have been unable to perceive the force or justice of the objection. The indictment seems to us to be "direct and certain as to the party and the offence charged" as required by the Statute. (*Crim. Pro. Sec.* 90.)

The defendant's counsel requested the Court to charge the jury as follows, viz: That if the jury have a reasonable doubt, whether the offence was committed on the Delaware reserve, or on the North side of the line of said reserve, in this, the County of Leavenworth, they should acquit the defendant, "which instruction the Court refused to give, and the defendant excepts."

The limits of the County of Leavenworth, as of other counties of this State, are defined by the Statute of the State, and the lands known as the Delaware reserve, are so far as the administration of justice to persons not belonging to the Delaware nation or tribe is concerned, form an integral part of the counties within whose boundaries they are included. This point was discussed and settled in the United States Circuit Court, for the District of Kansas, at the last Term of said Court, in the case of the *United States v. Ward.*

The Court charged the jury, "that the allegation on purpose and of malice aforethought" in the indictment, must be established beyond a reasonable doubt, the same as any other allegation or material fact. This purpose need not be conceived any length of time before the act, nor need the malice aforethought exist days or hours before; it is sufficient, if just, before the act was committed, the defendant conceived the purpose of killing Stigers. He did it then " on purpose and with malice aforethought." To which charge the defendant excepted.

This language we conceive might have been justly and properly used to the jury in connection with other instructions concerning the nature of the offence, and the proper and legal proofs of its commission, and as the bill of exceptions does not purport to give the whole of the charge, and does in fact give no more than the words excepted to, we are utterly unable to decide whether it was in fact given with the porper additions and qualifications or not. The presumption must be in the absence of proof to the contrary, that it was so given; it was at the option of the defendant's counsel to have embodied the whole of the instructions of the Court to the jury in the bill of exceptions, together with the testimony from which the Court might have seen the illegality or insufficiency of such instructions, and the omission to do so, strengthens the presumption which the law applies in their absence.

Millar v. The State of Kansas.

The only remaining exception, is, that the prisoner was sentenced to two years hard labor, "*in the* Penitentiary of the State of Kansas."

The prisoner's counsel allege that there is no "Penitentiary in the State of Kansas," and no Statute authorizing punishment by confinement at hard labor in such Penitentiary. We remark upon this point, first, that the term penitedtiary is an English word in common use, to signify a prison or place of punishment, and that it is so used in our Statutes. Thus in the act relating to Crimes and Punishments "Sec. 169. If any person confined in *the Penitentiary* for any term less than life shall escape from *such prison* or from the custody of the officers, he shall be liable to the punishment imposed for breaking the prisons"— and second: The Constitution and laws of the State make express provision, for a State Penitentiary. *See Constitution of Kansas, Art. VII, Sec. 2, Laws of Kansas, First Session* 1861, *pp.* 28-9.

We think the sentence was not invalidated by the use of the words complained of; but that those words are to be understood to mean the place of punishment in which convicts sentenced to confinement and hard labor, are confined by authority of law.

The judgment is affirmed at the cost of the appellee.

All the justices concurring.