## VINSANT v. VINSANT.

1. **Divorce :** CONVICTION FOR FELONY. The statute authorizing a divorce for a conviction for felony (Code, § 2223) refers only to a conviction which is final and absolute, either because of affirmance in the appellate court or because no appeal has been prosecuted.

2. ———: PLEADING: FORMER ADJUDICATION. An adjudication in an action for divorce on the ground of adultery is not a bar to another action subsequent thereto on the ground of assault with intent to commit rape, even though the cause of action be the same criminal act.

*Appeal from Page Circuit Court.*

THURSDAY, DECEMBER 5.

THE plaintiff claims a divorce from the defendant upon the ground that since his marriage he was convicted of the crime of an assault with intent to commit a rape.

· The defendant answered, admitting that at the time and in the court mentioned he was convicted as set forth, but alleging that by serving proper notice and executing sufficient bond he perfected his appeal from the judgment of conviction of .the felony referred to in the petition to the Supreme Court, which

said appeal was, at the commencement of this suit, and still is, pending.

2. For further defense the defendant says that at the September Term, 1876, the plaintiff filed her petition in the District Court within and for Page county, Iowa, asking that a decree be entered divorcing her from this defendant; that as a cause of such divorce she charged defendant with the crime of adultery with one Ida Hakes; that, after the proofs were submitted and the court fully advised in the premises, the said court refused to grant said decree of divorce, as prayed for, upon any of the charges against this defendant as set forth in her said petition, but then and there rendered judgment for defendant; that the acts of adultery set forth in said petition were the same acts of sexual intercourse charged against the defendant in the indictment on which the conviction of felony was had, which is set forth in the petition of the plaintiff in this case filed. Wherefore, defendant says that the matters and things charged against him in the petition herein were, by the said district court, fully adjudicated and determined.

3. And for further defense the defendant says that the acts and offenses charged against this defendant in the indictment on which the conviction referred to in the petition of plaintiff in this cause filed was had and obtained in the District Court, at the March Term thereof, 1877, were by the plaintiff fully and entirely condoned, long after she had as full knowledge of the same as she now has or could have, by voluntarily and repeatedly having sexual intercourse with defendant.

To this answer the plaintiff filed a demurrer, which was sustained. The defendant electing to stand upon his answer, judgment for a divorce was entered as prayed. The defendant excepted, and appeals.

*Wm. McPherrin* and *Hepburn & Thummel*, for appellant.

*W. W. Morseman, N. B. Moore* and *T. E. Clark*, for appellee.

Vinsant v. Vinsant.

DAY, J.—I.  There is not entire uniformity in the decisions as to the manner in which a judgment is affected by a pending appeal.  The weight of authority, perhaps, is that the effect of an appeal, with proper bond to stay proceedings, is to suspend the right to execution, but leave the judgment, until reversed or annulled, binding upon the parties as to every question directly decided.  See Freeman on Judgments, § 328, and authorities cited.  It seems, however, that the pending of an appeal, where a sufficient bond is given to stay proceedings, does suspend a right of action upon the judgment.  See Freeman on Judgments, § 433, and authorities cited.

We regard the question presented in this case, however, as involving not so much the effect of an appeal upon a judg-

1. DIVORCE: conviction for felony.

ment recovered, as the proper construction of section 2223 of the Code.  This section provides: "Divorces from the bonds of matrimony may be decreed against the husband for the following causes:   *   *   *   * When he is convicted of felony after marriage."  What is meant by the conviction here referred to?  Does it mean simply a conviction in the *nisi prius* court, however erroneously or improperly procured, from which an appeal is pending, and which may be reversed, or does it mean a conviction which has become final by affirmance in the appellate court, or because no appeal has been prosecuted, and which may be followed by one of the incidents of such conviction, incarceration in the penitentiary.  The permanency and sanctity of the marital relation are of the highest importance to individuals not only, but to the well-being of society.  It ought not to be dissolved but for the most cogent and satisfactory reasons.  The mere loss of property may be repaired, but no reparation can be made for the deprivation of wife and children.  Great injustice might be done, if pending an appeal from an erroneous conviction of a felony, one's wife may obtain a decree of divorce, with an order for the custody of the children, as was done in this case.  As a matter of fact,

as our records show, since this cause was submitted to us, the conviction of the defendant has been held to be erroneous, and the cause has been reversed and remanded for a new trial. See *State v. Vinsant, ante*, 241. Upon the re-trial the defendant may be acquitted. If he should be acquitted then he will not be one who, in the language of the statute, *is convicted* of a felony. We think the, statute which authorizes a divorce because of a conviction for a felony, does not refer to a conviction from which an appeal has been prosecuted, and which is liable to reversal, but to a conviction which is final and absolute, either because of affirmance in the appellate court, or because no appeal has been prosecuted. In our opinion the court erred in sustaining the demurrer to this branch of the answer.

II. The demurrer to the second count of the answer was properly sustained. The commission of the crime of adultery with Ida Hakes is entirely distinct and different

2. ———:
pleading: for-
mer adjudica-
tion.

from an assault upon her with intent to commit a rape. . It is altogether consistent that the defendant might have been innocent of the former crime, and guilty of the latter. A judicial determination that the defendant did not commit adultery with Ida Hakes does not estop the plaintiff. from showing that he has been convicted of an assault upon her with intent to commit rape.

III. The demurrer to the third count of the answer was also properly sustained. An assault with intent to commit rape is not among the causes prescribed for a divorce. A conviction for such assault entitles the wife to a divorce. Prior to such conviction there was no act which the wife could condone so as to deprive her of a right to a divorce because of such conviction. It is not alleged that any act of condonation occurred after the conviction.

For the error before referred to the judgment is

REVERSED.