## RIVERS v. RIVERS.

1. **Divorce**: CRUELTY, ADULTERY AND FELONY: EVIDENCE INSUFFI-CIENT. The evidence in this case being considered, it is *held* insufficient to justify the granting of a divorce, either for inhuman treatment, adultery, or conviction of a felony.

2. ———: FELONY: PENDENCY OF APPEAL. Where the defendant was convicted of a felony, but appealed, the conviction could not be urged as a ground for divorce while the appeal was pending.

*Appeal from Mahaska Circuit Court.*

THURSDAY, JANUARY 18.

ACTION FOR A DIVORCE. Upon a trial on the merits the Circuit Court dismissed plaintiff's petition; she now appeals to this court.

*John F. Lacy,* and *O. C. G. Phillips,* for appellant.

*Lafferty & Johnson,* for appellee.

BECK, J.—I. The petition, as grounds for a divorce, alleges that plaintiff "has been guilty of many long-continued acts of cruelty and inhuman treatment, such as to impair the health and endanger the life of plaintiff;" that subsequent to his marraige he committed adultery with a woman named in the petition, and that he has thrice been convicted of felony.

The petition also alleges, as ground for awarding to plaintiff the custody of the children of the parties, which is prayed for by her, that defendant suffered his family to be ejected from their house and refused to provide for them another

home; that he failed to provide money for the support of his family, and suitable food, leaving them, for many days, in destitute circumstances; that plaintiff was compelled to go to her friends and relatives, who are willing and able to assist her in the support of her children, and that defendant is of notoriously bad character and reputation, and is held under an indictment for felony, and is, therefore, unfit to have the care and custody of the children of the parties.

The answer denies all the allegations of the petition.

II. We think the evidence fails to show cruel and inhuman treatment, impairing the health and endangering the life of plaintiff, which is one cause assigned for the divorce. The testimony of plaintiff herself is not sufficient to support the charge. It is not shown that defendant ever used violence, or even violent language, toward his wife. He seems, when in prosperity, to have provided well for his family. But adversity resulting, we are inclined to think, from improper business transactions and want of integrity, came upon him. His family then, of course, were not so well provided for, and were sometimes deprived of comforts they before enjoyed; but it does not appear that he was cruel or inhuman towards his wife. She seems to have suffered somewhat in one instance after confinement, from the neglect of a nurse employed by defendant. But defendant is not chargeble therewith. It is evident that the parties did not live happily together, and that his wife latterly became wanting in affection for her husband. But we cannot reach the conclusion that she was treated with cruelty and inhumanity. Complaints made by the wife in her own testimony have the support of no other evidence. They are positively and pointedly denied by defendant in his testimony.

III. The evidence, in our opinion, fails to prove that defendant was guilty of adultery. It consists wholly of circumstances showing defendant's acquaintance and interviews with a woman of bad character, with whom, the petition alleges, he had intercourse, and her conversation in regard to defend-

ant. This evidence, even without explanation or contradiction, is hardly sufficient to lead to the conclusion that defendant was guilty. But in the light of the explanations given by defendant and the woman of the reasons for these interviews, which were had for purposes of business with which defendant was connected, and the positive denial by both of the charges of adultery, we are lead to the satisfactory conclusion that the charge is not sustained.

The plaintiff, also, in her evidence charges defendant with intercourse with another woman, her nurse, during her confinement at the birth of one of her children. The evidence in support of this charge is equally unsatisfactory, and it is denied in explicit terms in the testimony of defendant. She also relates an interview between defendant and another woman, whereby her suspicions were aroused, but she does not appear to believe that there was anything improper occurring between them. Evidence was introduced by plaintiff pretty effectually impeaching defendant on account of his bad moral character and his untruthfulness. But, if we wholly disregard his own testimony, we could not reach the conclusion that the charge of adultery is established by the proof.

IV. The evidence shows that the defendant was convicted upon indictments for felony, but the causes were appealed, and, at the time of the trial in this case, were undetermined. By reason of the pendency of the appeals, the conviction cannot be regarded as a ground for a divorce. *Vinsant v. Vinsant*, 49 Iowa, 639.

It is our conclusion that the judgment of the Circuit Court ought to be

AFFIRMED.