## MARY A. OLIVER *vs.* WALTER F. OLIVER.

Middlesex.    November 8, 1897. — November 24, 1897.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Divorce — Imprisonment for more than Five Years — Statute.*

The libellee, in a libel for divorce, who was sentenced to imprisonment at hard labor in the state prison for not more than six years nor less than three years, was sentenced to imprisonment for more than five years within the meaning of Pub. Sts. c. 146, § 2.

LIBEL FOR DIVORCE, filed October 16, 1896, upon the ground that the libellee had been sentenced to confinement at hard labor for five years or more in the state prison. Trial in the Superior Court, before *Hardy*, J., who found that on July 2, 1896, the libellee was convicted of the crime of breaking and entering a dwelling-house with the intent to commit larceny therein, and was thereupon sentenced by a judge of the Superior Court to confinement at hard labor in the Massachusetts state prison for not more than six years nor less than three years, and was thereupon confined in said prison pursuant to the sentence.

The judge ruled that the above sentence was not a sentence to confinement at hard labor for five years or more in the state prison, within the meaning of Pub. Sts. c. 146, § 2, and ordered a decree to be entered dismissing the libel, and, at the request of the libellant, reported the case for the determination of this court.

.If, as matter of law, the order was wrong, the decree was to be reversed, and a decree entered granting the libel as prayed for; otherwise, the decree was to stand.

*C. R. Morse*, for the libellant.

No counsel appeared for the libellee.

KNOWLTON, J.   A sentence of a married person to confinement at hard labor for life, or for five years or more in the state prison, or in a jail or house of correction, is made a ground for obtaining a divorce in favor of the husband or wife of the person so sentenced.   Pub. Sts. c. 146, § 2.   Prior to the passage of St. 1895, c. 504, there was hardly a possibility of question in regard to the length of the time for which sentence was imposed.   The first section of this statute is as follows: " When a convict is sentenced to the state prison, otherwise than for life, or as an habitual criminal, the court imposing the sentence shall not fix the term of imprisonment, but shall establish a maximum and minimum term for which said convict may be held in said prison.   The maximum term shall not be longer than the longest term fixed by law for the punishment of the offence of which he is convicted, and the minimum term shall not be less than two and one half years." Then follows a provision authorizing the prison commissioners, with the approval of the Governor and Council at any time after the expiration of the minimum term to issue to the convict a permit to be at liberty upon such terms and conditions as they shall deem best, with power in them to revoke the permit at any time previous to the expiration of the maximum term for which he may be held under the sentence.   The violation by the holder of a permit of any of its terms or conditions immediately renders it void.   If a permit is revoked or becomes void, the commissioners of prisons may issue an order authorizing the arrest of the holder of the permit and his return to the prison. When returned he is to be detained according to the terms of his original sentence, and the time between his release upon the permit and his return to the prison is not computed as a part of the term of the sentence.

The libellee was sentenced to the state prison under this statute for not less than three or more than six years, and the question is whether he was sentenced for five years or more,

within the meaning of Pub. Sts. c. 146, § 2. If this provision of the Public Statutes is hereafter to have any application to sentences to the state prison otherwise than for life or for the punishment of habitual criminals, the sentences must be deemed to be, for the purpose contemplated by this statute, either for the maximum or for the minimum term. They are indeterminate, and they cannot be treated as sentences for any intermediate term. In the interval between the two dates fixed is the convict under sentence to imprisonment or not? He is all the time in the custody of the law under his sentence. He is in confinement at hard labor, unless for good reasons a permit to be at liberty on certain terms and conditions is given to him by the commissioners of prisons. If he obtains such a permit, it may be revoked at any time, and if any of its terms or conditions are broken it becomes *ipso facto* void. He is certainly under sentence during the whole of the maximum term. After the expiration of the minimum term the rigor of the sentence is mitigated by the law. If he obtains a permit, which is not revoked, and observes its terms and conditions, he is not confined at hard labor, but it seems more nearly correct to say that his sentence to confinement at hard labor is for the maximum term than to say that it is only for the minimum term. It is not to be presumed that the Legislature, in adopting a system of indeterminate sentences for convicts in the state prison, intended to change the rights of persons under the laws relating to divorce. In our opinion those rights will be best preserved by treating these sentences as in effect during their maximum term rather than only during the minimum term. In the long range permitted by our statutes between the maximum and minimum terms of punishment for many crimes, it is likely that in many cases even of very heinous crimes the minimum term will be less than five years; and if the other construction were given to the statute, this ground of divorce would be taken away in many cases to which, under the former method of imposing sentences, it would apply. If injustice is done to libellees under the construction which we give to the statute, the Legislature can easily furnish a remedy.

*Decree for the libellant.*