## HOLLOWAY v. HOLLOWAY.

1. The offense of voluntary manslaughter involves moral turpitude.
2. The conviction of a married person of an offense involving moral turpitude, followed by a sentence of imprisonment in the penitentiary for a term of two years or longer, gives to the other party to the marriage a

right to a divorce; and this right is not affected by an executive pardon granted after the sentence has been imposed.

Argued May 26,—Decided August 13, 1906.

Divorce.    Before Judge Pendleton.    Fulton superior court. November 7, 1905.

Mittie D. Holloway brought her libel for divorce against Joseph Holloway on May 13, 1905, and alleged: that they were married on December 24, 1893; in 1899 the respondent was convicted of the offense of voluntary manslaughter, and sentenced to serve a term of twenty years in the penitentiary; they have not lived together since the conviction of the respondent; in 1904 the respondent was pardoned by the Governor. A demurrer to the libel was overruled, and the respondent excepted.

*O. M. Duke* and *J. E. & L. F. McClelland,* for plaintiff in error. *J. D. Kilpatrick,* contra.

COBB, P. J.    (After stating the foregoing facts.)

1. The Civil Code declares among the grounds for divorce, "the conviction of either party for an offense involving moral turpitude, and under which he or she is sentenced to imprisonment in the penitentiary for the term of two years or longer." § 2426, par. 8. The respondent was sentenced to the penitentiary for a term exceeding two years, and the right of the libellant to a divorce depends upon whether the offense of which he was convicted involved moral turpitude. Turpitude in its ordinary sense involves the idea of inherent baseness or vileness, shameful wickedness, depravity. Webster's Inter. Dict. In its legal sense it includes everything done contrary to justice, honesty, modesty, or good morals. Black's Law Dict.; Bouvier's Law Dict. The word "moral," which so often precedes the word turpitude, does not seem to add anything to the meaning of the term, other than that emphasis which often results from a tautological expression. All crimes embraced within the Roman's conception of the crimen falsi involve turpitude; but it is not safe to declare that such crimes only involve turpitude. Murder involves vileness and depravity; for it is the result of an abandoned and malignant heart. Voluntary manslaughter involves the intentional destruction of human life. It is true that there is no deliberation, no malice, in the act constituting the offense, but the manslayer intends to kill, and carries out the intention in an unlawful manner. It may be the result of passion or

temper, and the law in its mercy visits a less penalty than that inflicted for wilful killing; but it necessarily involves the intention to unlawfully deprive another of life. Whenever one intentionally and wrongfully takes human life, he does an act which is base, vile, depraved, and contrary to good morals. That the offense of voluntary manslaughter involves moral turpitude can not admit of serious question. See, in this connection, 5 Words & Phrases, 4580.

2. The right of the libellant to a divorce results from the conviction and sentence. There are three essential ingredients in the ground for divorce; the commission of the offense involving moral turpitude, the conviction for the same, and a sentence for a term of two years or longer in the penitentiary. When this state of affairs is shown to exist, the law declares the libellant is entitled to a divorce. Can this right given by statute be destroyed by an executive pardon? The pardon restores the convict, so far as the public is concerned, to the position he occupied before the conviction. He is no longer infamous; he may vote, hold office, and perform other public functions. Rights which have accrued to individuals as a result of the conviction are not affected by the pardon. Mr. Bishop in his work on Marriage, Divorce and Separation, §§ 444, 1807, says, that where conviction for a crime is declared to be a ground for divorce it is a defense to a divorce suit to show that the convict has been pardoned. He cites no authority for this statement. He does refer to the case of Young v. Young, 61 Texas, 191, where it was held that the commutation of the sentence of one convicted of a felony was not equivalent to a pardon. The statute of Texas provided that if a party to a marriage was convicted of a felony and imprisoned in a State prison, this should be a ground for divorce, provided that no suit could be maintained for the conviction of either party until twelve months after final judgment of conviction, nor then if the governor should have pardoned the convict. In that case the governor had commuted the sentence of the convict within twelve months after final judgment; and this was held not to amount to a pardon within the meaning of the statute. Mr. Nelson in his work on Divorce and Separation says that it would seem that if before the trial of the suit for divorce the convict is pardoned, the divorce should not be granted. He cites no authority for the proposition. Reference is made to

the case of Young v. Young, supra, and also to the case of State v. Duket (Wis.), 63 N. W. 83. In that case it was held that the reversal of a sentence of one convicted of a felony did not have the effect of restoring the conjugal rights taken away by virtue of a statute which declared that a sentence of imprisonment for life should dissolve the marriage of the person sentenced. Mr. Keezer in his recent work on Marriage and Divorce says that no pardon granted after the decree of divorce will restore such party to his or her conjugal rights. To sustain this proposition he cites the case of Young v. Young, supra, and Handy v. Handy, 124 Mass. 394. In the case last cited the facts were peculiar, and it is impossible to tell from the meager statement in the report exactly what was the extent of the ruling. We have been able to find no decision which is a direct ruling on the question now before us. We think the better view is that the pardon of the convict does not destroy the right to a divorce, declared by statute to arise upon conviction and sentence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*