## WOOD *v.* WOOD.

LUMPKIN, J. 1. Where two cases were pending in the same court between the same parties, and upon the call of the first a motion was made by one of the parties to postpone the trial of it until the other case should be tried, and a counter-motion was made to dismiss the second case, the ruling on the motion to dismiss could not be reviewed on a bill of exceptions in the first case. To permit this would be to bring up two distinct cases by one bill of exceptions. But the ruling on the motion to postpone the first case was a ruling in such case, and upon the bringing of the first case to this court error could be assigned thereon as one of the rulings in that case.

2. Where the bill of exceptions, as originally prepared, alleged that the court based his refusal to postpone a case upon a certain reason, but this statement was stricken, the refusal to postpone will not be tested by the correctness of that reason alone, but will be treated as a general refusal.

3. So treated, no abuse of discretion in the refusal to postpone appears.

4. Under the decision in *Holloway* v. *Holloway*, 126 *Ga.* 459 (55 S. E. 191, 7 L. R. A. (N. S.) 272, 115 Am. St. R. 102), the conviction of a married person of an offense involving moral turpitude, followed by a sentence of imprisonment in the penitentiary for a term of two years or longer, gives to the other party to the marriage a right to divorce; and this right is not affected by an executive pardon granted after the sentence has been imposed. 7 L. R. A. (N. S.) 273, and cases cited in note. *Judgment affirmed. All the Justices concur.*

NOVEMBER 18, 1910.

Divorce. Before Judge Ellis. Fulton superior court. November 30, 1909.

*Hines & Jordan,* for plaintiff in error.

*Colquitt & Conyers,* contra.