Marshall, C. J.
 

 Plaintiff in error brought an action against defendant in error in the court of
 
 *569
 
 common pleas, division of domestic relations, Hamilton county, for divorce, on the ground that defendant in error was confined in the Ohio Reformatory at Mansfield, Ohio, under sentence thereto upon a plea of guilty to an indictment charging highway robbery. Defendant did not appear either in person or by counsel, but upon the testimony adduced by plaintiff, it was shown that the defendant was an inmate of the Ohio State Reformatory, and the court, being of opinion that that institution was not a penitentiary, held that the petition did not state a cause of action, and dismissed the petition. Error was prosecuted to the Court of Appeals, where the judgment of the trial court was affirmed. The cause has been admitted to this court upon motion to certify.
 

 Section 11979, General Code, as one of the grounds of divorce, provides:
 

 “9. The imprisonment of either party in a penitentiary under sentence thereto. The petition for divorce under this clause must be filed during the imprisonment of the adverse party.”
 

 The sole question is whether the Ohio State Reformatory is a “penitentiary” within the meaning of that section.
 

 The defendant was between the age of 21 and 30 years. Section 2131, General Code, provides that a male criminal between 21 and 30 years may be sentenced to the reformatory, if the court passing sentence deems the prisoner amenable to reformatory methods. Under Section 2139, General Code, he might have been sentenced to the penitentiary and later transferred to the reformatory. Or under Section 2140, if more than thirty years of
 
 *570
 
 age at the time of his conviction or if previously convicted of crime, he might have been sentenced to the reformatory and afterward transferred to the penitentiary. Under Section 1835, both institutions are placed under the management of the Ohio board of administration. By the provisions of Sections 2136 and 2169 both institutions are required to be operated under rules and regulations making provision for reformatory discipline, In the legislation establishing the Mansfield institution (81 Ohio Laws, p. 206), it was called an “intermediate penitentiary.” Later the character of the institution was somewhat changed, and the name also changed, by the Act of April 24, 1891, (88 Ohio Laws, 382), whereby it was given the name “Ohio State Reformatory.” It will be seen, therefore, that there can be no well-defined distinction whereby the Mansfield institution could be regarded otherwise than a penitentiary. The matter is more confused by the fact that women cannot in any event be sent to the penitentiary at Columbus, but must be sent to the reformatory at Marysville, and yet Section 11979 provides that the imprisonment of either party in a penitentiary becomes ground for divorce upon the petition of the other party.
 

 A penitentiary has never been defined by the courts of this state, and only two cases have been brought to our attention wherein a definition of a penitentiary is found:
 
 State
 
 v.
 
 Burnett,
 
 184 N. C., 783, 115 S. E., 57, and
 
 Millar
 
 v.
 
 Kansas,
 
 2 Kan., 174. In both those cases the term “penitentiary” was used in the broad sense of any state prison for the confinement of felons. The statutes of
 
 *571
 
 Ohio do not define the term “penitentiary,” but felony is defined by Section 12372, General Code:
 

 “Offenses which may be punished by death, or by imprisonment in the penitentiary, are felonies; all other offenses are misdemeanors.”
 

 Dictionaries define the term “penitentiary” as a prison, or place of punishment. In Ohio it could not be a local prison or other than a state prison where felons are confined, by reason of the provisions of Section 12372.
 

 Section 11979 was enacted long before the legislation providing for the intermediate penitentiary at Mansfield, and, although the Legislature has never taken the trouble to amend Section 11979, we are of the opinion that the Legislature never intended to draw any distinction between the two institutions so far as grounds for divorce are concerned. This view is strengthened somewhat by the fact that Section 11979 uses the article “a” instead of the article “the,” thereby indicating that it did not have in mind a single state’s prison.
 

 The judgments of the lower courts will therefore be reversed, and the cause remanded to the court of common pleas, division of domestic relations, for further proceedings.
 

 Judgment reversed■, and cause remanded.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.