CAMPBELL, solicitor-general, *et al. v.* DAVISON *et al.,* prison commissioners.

BECK, P. J. 1. A felony convict working in a county of the State upon the public works and roads, under an allotment made to the county by the act of 1908 (Ga. L. 1908, p. 1119), is "confined in the penitentiary," and if he escapes from such confinement his escape is from the penitentiary. And the superior court of the county in which the convict makes his escape has jurisdiction to try him for the offense. Cobb's Dig. 837, 867.

2. It is provided in the act of 1823 (Acts 1823, p. 106) that escapes from the penitentiary shall be tried at the expense of the State; and on the reception of a certified statement from the clerk of the superior court of the expenses chargeable on such trial, it is the duty of the Governor to issue a warrant for the amount, to be paid out of the penitentiary fund. The Code of 1882, § 4812, provides that the expenses for all trials for escapes from the penitentiary, or attempts to escape, shall be paid by the State. The act of 1890 (Acts 1890-1, p. 86), now codified in section 1230 of the Penal Code, provides that "The expenses of all trials for escapes from the penitentiary or attempts to escape, and for all other crimes committed by penitentiary convicts while confined in the penitentiary, shall be paid by the State, upon a bill of costs to be certified by the judge trying the case." No reference is made here or elsewhere in the Code as to the fund from which the expense is to be paid, and it seems that the provision in the act of 1823, that it shall be paid out of the penitentiary fund, remains unrepealed.

3. Where a solicitor-general of the superior court prosecutes a convict of the State for an escape in one of the counties of the circuit of which he is solicitor-general, and obtains a verdict of guilty, upon a statement duly certified by the judge of the superior court that he has rendered such service he is entitled to be paid therefor his lawful fee out of the penitentiary fund; and upon presentation of the account duly certified to the prison commission, it is the duty of the commission to pay the same out of the penitentiary fund, if there is a sufficient amount of the same in their hands.

4. As against a general demurrer, the allegation in the petition for mandamus in this case, that "the prison commission had sufficient funds on hand with which to pay off and discharge said bills" (duly certified statement of the services of the solicitor-general and clerk of the superior court for services in the trial and conviction of escaped convicts), will be construed as an allegation that the fund which it is alleged the prison commission had on hand was a part of the penitentiary fund, and chargeable with this account.

5. Where in the bill of exceptions is recited the filing of a petition for mandamus and that the respondents demurred thereto, the petition and demurrer being set forth in the record, and it is further recited that upon hearing the demurrer the court sustained it and denied the mandamus, and that to this ruling the plaintiff "excepted and assigns the same as error upon the ground that it is contrary to law," the assignment of error is sufficient to require a decision by this court of

the questions presented, and there is no merit in the contention of counsel for defendants that the case is not properly before this court.

*Judgment reversed.    All the Justices concur.*

No. 5081. MAY 13, 1926.

Petition for mandamus. Before Judge Humphries. Fulton superior court.    September 12, 1925.

*Clement & Campbell,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general,* and *T. E. Patterson,* for defendants.