24409. HEATH *v.* THE STATE.

DECIDED NOVEMBER 2, 1934.

*J. C. McDonald, T. M. Bennett, W. V. Rigsby,* for plaintiff in error.

*Allan C. Garden, solicitor-general,* contra.

BROYLES, C. J. ██ The indictment in this case charged that the defendant, having been previously convicted of a felony (breaking and entering a railroad-car), and sentenced to serve twelve months on the chain-gang of Ben Hill county, Georgia, and hav-

ing been there confined, escaped therefrom and was retaken, "said escape being then and there contrary to the laws of said State." The defendant demurred "to said indictment upon the ground that the allegations therein do not charge this defendant with any offense under the law." The court overruled the demurrer and the defendant excepted pendente lite. The trial resulted in a conviction, and the defendant's motion for a new trial was overruled. In his bill of exceptions the defendant assigns error upon his pendente lite exceptions, and upon the judgment overruling his motion for a new trial.

The record discloses that upon the trial of the defendant for breaking and entering a railway car, the jury found him guilty and recommended that he be punished as for a misdemeanor, and he was sentenced by the court to work on the chain-gang for a period of twelve months, and he was there confined to work out his sentence. The contention of counsel for plaintiff in error is that "if the defendant was convicted of a felony he would have been sentenced to the penitentiary," and not to the chain-gang, and that "there is no law which deals with an escape when a person is convicted of a felony and is given a misdemeanor punishment." The offense of breaking and entering a railroad-car with intent to steal, of which the defendant was convicted, is a felony. Penal Code (1910), § 181. Being given a misdemeanor punishment as a result of the recommendation of the jury, as provided by section 1062 of the Penal Code of 1910, does not alter the fact that he was *convicted* of a *felony*. Since he was convicted of a felony, he was a felony prisoner, although confined in a county chain-gang. It is the *offense* and the *conviction* therefor, rather than the punishment, which determines the degree of the offense of escaping. Section 319 of the Penal Code of 1910, dealing with the "penalty for escapes in misdemeanor cases," provides that "If any person shall be *convicted* of an offense below the grade of felony, and shall escape from the chain-gang . . he shall be guilty of a misdemeanor" (italics ours) ; and section 321 of the Penal Code, relating to felonies and under which the defendant in this case was indicted, provides that "If any person confined in the penitentiary shall escape therefrom and be thereafter retaken, he shall be indicted for an escape, and, on conviction, shall be punished by imprisonment and labor in the penitentiary for not less than three

months nor longer than four years." If he is convicted of a misdemeanor, his escape from the chain-gang is a misdemeanor. If he is convicted of a felony, his escape from the chain-gang is a felony. Nor does the use of the word "chain-gang" in the sentence imposed for breaking and entering a railway car, reduce the crime to a misdemeanor. Chain-gangs containing felony prisoners are also penitentiaries. In *Howell* v. *State,* 164 *Ga.* 204 (138 S. E. 206), the court (p. 209) asks the question, "What is a penitentiary?" and answers it as follows: "A penitentiary is a prison or place of punishment, especially one in which convicts are confined at hard labor for punishment and reformation. Funk & Wagnalls' New Standard Dictionary of the English Language; Webster's New International Dictionary. It is an English word in common use, and means a place of punishment in which convicts sentenced to confinement and hard labor are confined by authority of the law. Bouvier's Law Dictionary, Rawle's 3d Rev.; Millar *v.* State, 2 Kan. 174; State *v.* Nolan, 48 Kan. 723 (29 Pac. 568, 30 Pac. 486). In this State it means *any place where felony convicts* sentenced to confinement and hard labor are confined by authority of its laws. So in *Campbell* v. *Davison,* 162 *Ga.* 221 (133 S. E. 468), this court held that 'A felony convict working in a county of the State upon the public works and roads, under an allotment made to the county by the act of 1908 (Ga. L. 1908, p. 1119), is "confined in the penitentiary," and if he escapes from such confinement his escape is from the penitentiary.' Here is a distinct ruling that *any place where felony convicts are confined at hard labor, under the authority of any law of this State, is a penitentiary.* It follows further that there may be many penitentiaries in this State. Under our laws there may be a penitentiary in each county in the State." (Italics ours.) Under our law a jury may, because of mitigating circumstances or as an act of mercy, recommend that one convicted of a felony be punished as for a misdemeanor, or the Chief Executive of the State may pardon him; but neither of these can change the law, and a change of punishment is not a change of the crime. The defendant having been convicted of a felony and, on the recommendation of the jury, sentenced as for a misdemeanor and confined in a county chain-gang, he was a felony convict and such chain-gang was a penitentiary within the meaning of section 321 of the Penal Code of 1910,

and his escape therefrom was a felony and punishable under that code section. It follows that the general demurrer to the indictment was properly overruled.

■ The evidence authorized the defendant's conviction of escaping from the penitentiary, and the court did not err in overruling the motion for a new trial, based upon the usual general grounds.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*