DARLENE M. STUDLEY, APPELLANT, V. RUSSELL A. STUDLEY, APPELLEE.

FILED OCTOBER 29, 1935.   No. 29352.

*Harry E. Siman,* for appellant.

*Troyer & Pardee, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

Appellant filed her petition for a divorce in the district court for Wayne county on September 26, 1933, wherein she alleged as ground therefor that the appellee had been convicted of a felony under the laws of Nebraska on July 8, 1930, and had been sentenced to a term in the penitentiary exceeding three years. There is no dispute that these allegations constitute a ground for divorce under the provisions of section 42-301, Comp. St. 1929. Appellee alleged as a defense that on March 4, 1931, the appellant was convicted of a felony under the laws of Nebraska and was sentenced to serve a term in the reformatory for women at York, Nebraska, of not less than one year nor more than ten years, and that said felony was committed in connection with the same transaction for which the appellee was sentenced. The answer also shows that appellant served eighteen months of the sentence in the reformatory at York. To the answer the appellant filed a general demurrer which was overruled. The appellant elected to stand on her demurrer and the trial court entered a judgment dismissing the action. From the judgment thus entered the appellant appeals.

The question for determination is whether the allegations of the answer are sufficient to constitute a defense. Section 42-301, Comp. St. 1929, provides in part as fol-

lows: "A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them, reside, on application by the petition of the aggrieved party in either of the following cases: * * * Third. When one of the parties has been sentenced to imprisonment in any prison, jail or house of correction for three years or more." The record discloses that appellant was sentenced to serve not less than one year nor more than ten years in the reformatory for women at York. At the time appellant was sentenced to the reformatory for women, section 83-1403, Comp. St. 1929, provided: "A female of fifteen years of age and upwards convicted by any court or magistrate * * * or convicted of any felony * * * may within the discretion of the courts or magistrates and compatible and in accord with the indeterminate sentence law of this state, be sentenced and committed to the Nebraska reformatory for women, to be there confined under the provisions of law relating thereto, but subject to removal to the penitentiary, in cases of felony, as hereinafter provided. * * * The board of control may cause to be removed to the penitentiary any prisoner in said reformatory, convicted of felony and appearing to be incorrigible."

It will be noted that, under our statute as it then existed, a woman who had been convicted of a felony could be sentenced to the state penitentiary or to the reformatory for women at York. If she was sentenced to the reformatory, power was granted to the board of control to remove her to the penitentiary if she became incorrigible. It was also necessary that a sentence to the reformatory for women be in accordance with the indeterminate sentence law of this state, which applies only to certain classes of persons convicted of felonies and sentenced to the penitentiary. Comp. St. 1929, sec. 29-2620. Clearly, in our opinion, a sentence to serve a term in the reformatory for women must be regarded as a penalty and punishment for the crime of which the party committing it has been convicted. Such a sentence therefore is a sentence to im-

prisonment in a "prison, jail or house of correction," within the meaning of section 42-301, Comp. St. 1929.

The appellant also contends that a sentence of "not less than one year nor more than ten years" is not a sentence for three years or more as required by section 42-301, Comp. St. 1929, to be a ground for divorce. We hold to the contrary. In *People v. Warden of Sing Sing Prison*, 78 N. Y. Supp. 907, the court said: "A sentence under Pen. Code, section 687a, providing for indeterminate sentences, is not void for the uncertainty of the duration of the term, as the sentence is a definite one, for the maximum duration of such term." In *People v. Lasch*, 202 N. Y. Supp. 416, the court said: "The relator having been committed to the reformatory under an indeterminate sentence, the maximum for the crime of grand larceny, second degree, being five years, the sentence is a definite one for the maximum term * * * which has not expired." We are therefore driven to the conclusion that the sentence pleaded in the answer was one for three years or more.

The appellant further contends that, even if the allegations of the answer stated a recriminatory defense, the rule of comparative rectitude would apply. Granting, for the sake of argument, that the rule of comparative rectitude was available in this state, yet it could avail nothing in the case at bar for the reason that it is alleged, and stands admitted by the demurrer, that the conviction and sentence for crime pleaded in the answer grew out of the same transaction as the conviction and sentence charged in the petition. It would appear therefore that each would have equal standing if the comparative rectitude of the parties was to be measured.

This court has held, however, that if the conduct of both parties to a divorce action has been such as to furnish grounds for a divorce, neither is entitled thereto although the conduct of one has been grossly more culpable than the other. In *Wilson v. Wilson*, 89 Neb. 749, quoting from *Nagel v. Nagel*, 12 Mo. 53, this court said: "Upon an application for a divorce, where both parties are found guilty

of any of the enumerated offenses for which a divorce may be granted, the court should dismiss the bill." In *Goings v. Goings,* 90 Neb. 148, this court held: "In an action for a divorce, where an answer and cross-petition of recrimination is filed by which a divorce is sought by the defendant, if it be shown by the evidence that neither party is blameless, and the decree of the district court denied a divorce to either, dismissing both the petition and cross-petition, the decree will to that extent be affirmed." Also, in the case of *Peyton v. Peyton,* 97 Neb. 663, we have held: "A court of equity will not grant a divorce to one whose conduct has been such as to furnish sufficient grounds for divorce, even if the conduct of the other party has been grossly more culpable. In such case the court will deny relief to either."

We conclude, therefore, that the recriminatory matters pleaded in appellee's answer state a defense and that the demurrer thereto was properly overruled. We have carefully examined other alleged errors and find that they are without merit.

The judgment of the district court is

AFFIRMED.