Jack L. KATZ, Appellant,

v.

Phyllis N. KATZ, Appellee.

No. 2066.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 30, 1957.

Decided Nov. 14, 1957.

William F. Becker, Washington, D. C. (appointed by this court) for appellant.

Mark B. Sandground, Washington, D. C., with whom Alvin L. Newmyer, Jr., Washington, D.C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

A wife brought suit for absolute divorce under our statute which prescribes as one of the causes for such relief "final conviction of a felony involving moral turpitude and sentence for not less than two years to a penal institution which is served in whole or in part." Code 1951, § 16–403. The husband contested the action by filing answering pleadings, and the trial court assigned counsel to represent him. Pretrial proceedings were held and later a trial on the merits.

It was established that on July 16, 1956, in the United States District Court for the Eastern District of Virginia, defendant Jack L. Katz was convicted on his plea of guilty to a charge of obtaining money by false pretenses with intent to defraud, in violation of United States Code, Title 18, § 13; Code of Virginia, § 18–180, and that he was sentenced to imprisonment for a maximum of three years. At the time of the trial of this case, June 5, 1957, defendant was serving that sentence.

Defendant presented evidence that on February 25, 1957, a week after he was served in this divorce action and seven months after his plea of guilty in the criminal case, he had filed in that case a "motion for a new trial" asserting that: (a) his confession of guilt was obtained by duress; (b) he was represented by incompetent counsel; and (c) there was newly discovered evidence to prove his innocence. There was no showing that the motion had been accompanied by any supporting affi-

davit. It was still pending when this case was tried and decided.[1]

The trial court held that defendant's attempt to "forestall any action in this case by filing a motion as late as February 25, 1957, and presumably because of the fact he was served with papers on the preceding week in this divorce proceeding, does not justify the Court holding up the entry of any divorce decree here by reason of some technical absence of finality * * *." The court added: "It is quite apparent that his failure to take prompt action on his part following his conviction, if he had any real merits for a new trial, is indicative of the real purpose of the motion itself." Plaintiff was granted a decree.

Appeal was noted and this court appointed Mr. Becker as attorney for appellant. He has ably performed his duty, as shown by his careful research, thorough briefing, and full oral presentation of the available arguments.

There are few decisions dealing with this general question of divorce law, and seemingly none dealing with the precise question before us. Appellant's contention is that the criminal conviction, though based on his own guilty plea, is not "final" within the meaning of our divorce statute, because he has attacked the conviction by his motion for "new trial." In the briefs there is considerable discussion as to whether the motion was one under Federal Rule of Criminal Procedure 33, 18 U.S.C., or under United States Code, Title 28, Section 2255. We think that question need not be decided here, because the motion advanced the ground (among others) of newly discovered evidence and was seemingly not barred by time limitations for the purpose of the criminal case. But that does not mean that

the filing of the motion necessarily divested the conviction of finality for the purposes of this divorce case.

It has been held that when an appeal is actually pending or the time for noting an appeal is still running, a conviction is not final so as to entitle a spouse to claim it as grounds for divorce under statutes like ours.[2]

We mention parenthetically that it has also been held that the right to a divorce on these grounds is not affected by an executive pardon.[3]

■■ We mention also the well-known rule that a judgment may be treated as final for one purpose and not for another. Freeman on Judgments (5th Ed.) §§ 27, 28. What was the degree of finality in this case? The husband, being charged with a crime, went into court and entered a guilty plea, which has been termed the highest kind of conviction of which a criminal case admits. Green v. United States, 40 App.D.C. 426, 46, L.R.A.,N.S., 1117. It is more than merely an admission of guilt: it is itself a conviction. Joyner v. Parkinson, 7 Cir., 227 F.2d 505; Bloonbaum v. United States, 4 Cir., 211 F.2d 944.

The wife's action was far from hasty. She did not bring this suit until seven months after the conviction; no appeal or other action having been taken by the husband, who was serving the sentence imposed upon him. It was not until then that the husband bestirred himself by filing the motion we have described.

The trial judge was not persuaded that the filing of the motion was an act of good faith. Indeed he regarded it as an attempt to forestall action in this case and as a belated tactic to thwart the right of plaintiff to

---

1. At argument in this court counsel for appellant said he had made inquiry and found that the motion was still pending.

2. Read v. Read, 119 Colo. 278, 202 P.2d 953; Rivers v. Rivers, 60 Iowa 378, 14 N.W. 774; Luper v. Luper, 61 Or. 418,

96 P. 1099; Vinsant v. Vinsant, 49 Iowa 639. Contra, see Cone v. Cone, 58 N.H. 152.

3. Wood v. Wood, 135 Ga. 385, 69 S.E. 549; Holloway v. Holloway, 126 Ga. 459, 55 S.E. 191, 7 L.R.A.,N.S., 272.

demand a divorce. We have found nothing in the record to indicate that the judge was wrong in concluding that the motion, though not barred under the criminal rule and statute, was still suspect of laches in its relation to this case.

■ We cannot say as a matter of law that the husband, by lodging his motion in the criminal case, destroyed the right of his wife to a divorce.

Affirmed.