No. 11,700.

KOERNER v. THE STATE.

CRIMINAL LAW.— *Death Penalty.*— *Time of Execution.*— *Waiver.*— Section 1872, R. S. 1881, is imperative that judgment of death shall be executed at a time not less than one hundred days after conviction, and this requirement can not be waived by the defendant.

SAME.—*Appeal.*—*Practice.*—*Semble*, that after an appeal, whereby an error in the judgment as to the time of executing the death penalty has been corrected in obedience to the mandate of the Supreme Court, another appeal will lie for the correction of other and prior errors in the same record.

From the Criminal Court of Marion County.

*S. Claypool, W. A. Ketcham* and *B. F. Watts*, for appellant.

ELLIOTT, C. J.—A verdict was returned against the appellant finding him guilty of murder in the first degree, and affixing the punishment of death. On the 10th day of April, 1884, the court informed the appellant of the verdict that had been returned against him, and asked him if he had any cause to show why judgment should not be pronounced, and, no cause being shown, the court pronounced judgment and fixed the time for the execution on the 27th day of June, 1884. The record recites that the appellant and his counsel were present when the judgment was pronounced, and there does not appear to have been any objection to the time fixed, nor was there any agreement as to the time; the appellant simply remained silent. The time fixed for the execution was less than one hundred days from the time judgment was pronounced, and the question is whether the action of the court fixing the time at a shorter period than one hundred days can be sustained.

The statute provides that " The punishment of death, prescribed by law, must be inflicted by hanging by the neck until the person is dead, at such time, not less than one hundred days after conviction, as the court may adjudge." This provision is in terms mandatory, and the connection in which it is

found adds emphatically to its force. It affects in a high degree the rights of a man condemned to die, and is a matter in which courts, officers and society have an interest; for the executive, charged with the duty of determining whether a pardon is proper, and the courts, in deciding whether the conviction is a just one, require time for full consideration and calm deliberation, and society has an interest in securing to a condemned man ample time to invoke such aid as the law places at his command. The law has fixed the time which shall elapse between the sentence and its execution, and to the law, courts, officers and citizens must yield obedience. The time has been definitely and decisively fixed by the law-makers of the land, and no power, save that of the law-makers, can break down or alter the rule so positively and fully declared. Whether the limit is a wise or an unwise one is not a question for the courts, but is purely a question for the Legislature, and their decision must stand until other legislation shall annul or change it.

There are, it is true, many things that an accused may waive by silence or by agreement. But, in our judgment, a condemned man can not shorten his own life by consenting that he may be hung at an earlier day than that prescribed by an imperative law. Nor do we believe that a man can, by consent or agreement, make it proper to hang him in a manner, or at a time, different from that prescribed by a plain and positive statute. The statute provides that a man condemned to death shall be hung, and we think it clear that no agreement, express or implied, would authorize a court to change the mode of inflicting death to poisoning, beheading or shooting. So, too, our statute prescribes how the execution shall be conducted, and surely the consent of the condemned man would not authorize the court to adjudge that it should be conducted in a manner different from that prescribed. If the court can not, and we think it very clear that it can not, change the method and manner of inflicting the death penalty, it certainly can not fix a time different from that ex-

pressly prescribed by statute. A man can, as we understand the law, only be executed according to law, and this rule must extend to time, place and manner.

The court below erred in fixing the time of punishment, and so much of the judgment as designates the time of execution must be held to be utterly without force. This question meets us at the very threshold; it stands out on the record so prominently that we can take no step without disposing of it; it must be disposed of at the very outset. We know from a bare inspection of the record that we can make no progress without first settling this question. To grant time would be useless, because we know now that the time fixed for the execution vitiates that much of the judgment, and that the case must go back to the trial court, for the accused is entitled to such a judgment as the statute prescribes, and when that is pronounced he can, if he elects, appeal.

The judgment of this court is that the cause be remanded, with instructions to the trial court to call the appellant before it and pronounce judgment fixing the time of execution at not less than one hundred days from the time of pronouncing judgment under this mandate, and that when the time is fixed in compliance with the mandate of this court, the judgment of the Marion Criminal Court shall be in full force and effect until changed, annulled or reversed by competent authority and in due course of law.

Filed June 19, 1884.