Filed May 20, 1885.

----

No. 12,313.

## WARTNER v. THE STATE.

CRIMINAL LAW.—*Bill of Rights.*—*Trial by Jury.*—*Waiver.*—Under section 13 of the Bill of Rights, in the Constitution of this State, in all criminal prosecutions the accused has the right to a public trial by an impartial jury, and this right he can not be deprived of, nor even waive unless such waiver is expressly authorized by statute.

SAME.—*Capital Cases.*—*Jury Trial.*—*Punishment.*—*Discretion of Jury.*—*Statute Construed.*—Under section 1821, R. S. 1881, the defendant in a capital case must be tried by a jury; and upon conviction of a capital offence, upon his plea either of guilty or not guilty, it is in the discretion of the jury alone, under the statute, to assess his punishment, either that he suffer death or be imprisoned in the State prison during life. Upon con-

viction for such an offence the court is not authorized by any statute to assess the punishment without the intervention of a jury; and this is so even where the defendant interposes a plea of guilty.

From the Jasper Circuit Court.

*F. W. Babcock* and *S. P. Thompson*, for appellant.

*F. T. Hord*, Attorney General, for the State.

HOWK, J.—On the 8th day of January, 1885, an indictment containing three counts was duly returned into the court below, in each of which counts the appellant Weibern Wartner was properly charged with the commission of one and the same felony of murder in the first degree. Afterwards, at the same term, the appellant being in custody was brought into court, and upon arraignment, for plea to the first count of the indictment, said that he was guilty as therein charged. Thereafter, on the 21st day of January, 1885, it was shown by the record that "the court, having heard the evidence and being sufficiently advised in the premises, finds the defendant guilty on his plea of guilty, heretofore entered herein, as charged in the first count of the indictment, and assesses his punishment at death." Upon this finding and no other, on the same day, the court adjudged that the appellant, Wartner, should suffer the penalty of death, in the statutory mode, on the 15th day of May, A. D. 1885.

It is very clear that the judgment of the court, in this cause, is wholly unauthorized by law and must be set aside and reversed as an absolute nullity. Section 13 of the Bill of Rights, in the Constitution of this State, provides as follows: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offence shall have been committed," etc. The appellant's right to a trial of this prosecution against him is his personal and constitutional right which he can not be deprived of, nor can he even waive such right unless such waiver is expressly authorized by statute. The appellant's case, as charged in each count of the indictment, is a capital

case; and, in such a case, there not only is no statutory authority for the defendant's waiver of his right to a trial by jury, but the statute declares that the trial thereof " must be by jury." In section 1821, R. S. 1881, it is provided as follows: " The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in capital cases. All other trials must be by jury."

Under this section of the statute, it has been held by this court, and correctly so we think, that the constitutional right of a defendant in a criminal cause to a public trial by an impartial jury is a right which he may waive if he choose so to do, and if such waiver is authorized by statute. *Murphy* v. *State,* 97 Ind. 579. Where the defendant in a criminal case is authorized by statute to waive a trial by jury, the statute is strictly construed. Thus, it has been repeatedly held, that where such a statute would authorize the defendant in a criminal case to waive all right to a jury trial, it would not authorize him to consent to a trial by a jury of less than twelve jurors. *Brown* v. *State,* 16 Ind. 496; *Allen* v. *State,* 54 Ind. 461; *Moore* v. *State, ex rel.,* 72 Ind. 358.

In the case in hand, the record fails to show whether or not the appellant waived, or attempted to waive, his constitutional right to a trial by jury; but, as such a waiver is not authorized by statute in this case, the silence of the record on this point is wholly immaterial. Nor is it material that the record fails to show any objection or exception, by or on behalf of the appellant, to the trial of his case by the court or to any of the proceedings had therein. It is shown by the record that appellant's case is a capital case, and that the court, without the intervention of a jury, tried his case, found him guilty as charged and adjudged that he suffer the penalty of death. This the court was not authorized to do, nor was the appellant authorized to consent thereto by any law of this State. *Koerner* v. *State,* 96 Ind. 243. After the appellant's plea of guilty, the proceedings and judgment of the court are erroneous, and errors of so grave a character

that he has the right to insist upon them here as affording substantial grounds for the reversal of the judgment. The law of his case, as declared in section 1904, R. S. 1881, is that for the felony, whereof he says he is guilty, he "shall suffer death *or* be imprisoned in the State prison during life, *in the discretion of the jury.*" In assessing his punishment the record shows that the court usurped and exercised a discretion which the statute has conferred upon the jury, and not upon the court. Under the statute the appellant had and has the right to have a jury say, in their discretion, which one of the two punishments he shall suffer.

The judgment is reversed and the cause is remanded with instructions to submit the same to a jury.

Filed May 12, 1885.