Frazier v. The State.

Filed June 1, 1886.

---

No. 13,113.

FRAZIER v. THE STATE.

CRIMINAL LAW.—*Review of Judgment.—Statute Construed.*—Section 615, R. S. 1881, providing that a party to a judgment may, at any time within one year, file a complaint for review, does not apply to a criminal case.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*F. T. Hord*, Attorney General, *W. B. Hord*, *M. D. Tackett*,

Prosecuting Attorney, *J. D. Miller* and *F. E. Gavin*, for the State.

MITCHELL, J.—The record presents this single question : Does section 615, R. S. 1881, which provides, in substance, that any person who is a party to a judgment may, at any time within one year, file in the court in which such judgment was rendered a complaint for its review, apply to a criminal case ?

The appellant was indicted for murder in the first degree. He appeared in the Decatur Circuit Court, on the 17th day of February, 1882, and, upon a plea of guilty, was sentenced by the court to imprisonment for life.   On the 1st day of March, 1886, he filed a complaint for a review of the judgment, alleging as error apparent upon the face of the record, that the court was not authorized to assess punishment in such a case without the intervention of a jury.

The court sustained a demurrer to the complaint, and the question above stated is now before us on appeal.

The offence with which the appellant was charged was one for which he might have been capitally punished.   It was, therefore, not competent for him to waive a trial by jury, nor was the court authorized, without the intervention of a jury, to assess his punishment.   *Wartner* v. *State*, 102 Ind. 51 ; *Lowery* v. *Howard*, 103 Ind. 440.

The proceedings were erroneous, and upon appeal within the time prescribed would doubtless have been reversed.   It does not follow that a bill of review will lie, under the code of civil procedure.   The civil code can not be resorted to for a remedy in a criminal case.

Provision for reserving exceptions, and for the review of decisions and orders of the court, made in the progress of criminal trials, is found in the criminal code.   By its provisions a review may be had by an appeal to this court. This—no other having been provided—must be deemed to be exclusive of all other means for obtaining a review in a

criminal case. In case of a common law right, which has not been supplanted or abrogated by statute, and for obtaining which no statutory method has been provided, resort may be had to the common law remedy, so far as it is applicable, as in *Sanders* v. *State*, 85 Ind. 318 (44 Am. R. 29). Since, however, the criminal code, as we have seen, furnishes an adequate remedy for the review of decisions in criminal cases, it alone must be looked to for guidance on that subject. *Wells' Case*, 2 Greenl. (Maine) 322; *People* v. *Carnal*, 6 N. Y. 463; *People* v. *Clark*, 7 N. Y. 385; 1 Bishop Crim. Proc., section 1401.

Judgment affirmed, with costs.

Filed June 5, 1886.