# GREEN *v.* UNITED STATES.

CRIMINAL LAW; PLEADING; RAPE; CONSTITUTIONAL LAW.

1. Where a statute permits the plea of guilty, and such plea is accepted and entered by the court in a criminal case, it is the highest kind of conviction of which the case admits, and in that instance there is nothing left for the court but to enter judgment.

2. Under Code D. C. sec. 808 (31 Stat. at L. 1322, chap. 854), providing that the punishment for rape shall be imprisonment for not less than five nor more than thirty years, except that in any case the jury may add to their verdict, if it be guilty, the words, "with the death penalty," in which case the punishment shall be death by hanging, and if the jury fail to agree as to the punishment, the verdict of guilty shall be received, and the punishment shall be imprisonment as above provided,—the court in a prosecution for that crime must have the verdict of the jury upon which to base its judgment, and is therefore without power to accept a plea of guilty.

3. Code D. C. sec. 808, providing the punishment, and the manner of fixing the same, for rape in the District of Columbia, denies a defendant no constitutional right in so far as it deprives him of the right to plead guilty, as he is still accorded the constitutional safeguard of a trial by jury.

No. 2532. Submitted May 6, 1913. Decided May 14, 1913.

HEARING on an appeal by the accused from a judgment of the Supreme Court of the District of Columbia convicting him of rape with the death penalty. *Affirmed.*

The facts are stated in the opinion.

*Mr. George H. MacDonald* and *Mr. Benjamin L. Gaskins* for the appellant.

*Mr. Clarence R. Wilson,* United States Attorney for the District of Columbia, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant Nathaniel Green, defendant below, was indicted for the crime of rape in the supreme court of the District of Columbia. On arraignment defendant pleaded guilty, which plea was refused by the court, and he was tried by a jury as upon a plea of not guilty. The jury returned a verdict of guilty, with the death penalty. The court accordingly sentenced the defendant to be executed. Exception was taken to the refusal of the court to accept a plea of guilty, which is the only question presented for review.

Section 808 of the District Code (31 Stat. at L. 1322, chap. 854) provides: "Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not less than five nor more than thirty years: Provided, that in any case of rape the jury may add to their verdict, if it be guilty, the words, 'with the death penalty,' in which case the punishment shall be death by hanging: Provided, further, that if the jury fail to agree as to the punishment, the verdict of guilty shall be received, and the punishment shall be imprisonment as provided in this section."

Much has been said at bar in an exceptionally able brief by counsel for defendant of the right of a defendant to plead guilty in a capital case when there is no statutory provision to the contrary, and thus avoid an issue for trial by jury. It is unnecessary to determine whether a defendant, in the absence of a law to the contrary, has the right to enter a plea of guilty in a criminal proceeding. Where the statute permits the plea of guilty, and such a plea is accepted and entered by the court in a criminal case, it is the highest kind of conviction of which the case admits. In that instance, there is nothing left for the court but to award judgment. In this case, however, we are confronted by a statutory provision which we think in effect forbids the acceptance of a plea of guilty for the crime of rape in this District. Section 808, supra, specifically provides that "in any case of rape" the jury may

impose the death penalty. As further evidence of the intention of Congress that all such cases shall be tried to a jury, the second proviso imposes the smaller punishment upon a verdict of guilty where a jury are unable to agree as to the imposition of the death penalty. The statute, in other words, admits of one of three different verdicts: guilty, without assessment of the death penalty, in which case the court imposes a sentence of imprisonment in his discretion of from five to thirty years; guilty, with the death penalty, when the court must pass judgment of death by hanging; and guilty, with division of opinion in the jury as to the imposition of the death penalty, in which case the court shall pass judgment as in the first instance; but in all cases the court must have the verdict of the jury upon which to base its judgment.

In Indiana, where the statute in capital cases prescribes the punishment of death or imprisonment in the discretion of the jury, it has been held that a defendant in a capital case must be tried by jury, and if a plea of guilty is entered, a jury must still try the issues to determine the degree of punishment. *Wartner* v. *State,* 102 Ind. 51, 5 Am. Crim. Rep. 178, 1 N. E. 65. The difference between the Indiana statute and the one under consideration is that there the whole question of punishment is left to the jury, while here the question of punishment is with the court, except in such cases as the jury may assess the death penalty. It logically follows that to determine those cases, each case must, of necessity, be submitted to a jury. The court is therefore without power to accept a plea of guilty upon an indictment charging rape in this District.

Statutes depriving a defendant of the right to plead guilty, where the alternative punishment of death or imprisonment is left to the discretion of the jury, are upheld upon the theory that he cannot be prejudiced, in that the constitutional safeguard of a trial by jury is accorded him. Under the present statute, however, when defendant was deprived of the right to plead guilty, it became possible, as it does in all cases of rape in this District, for the jury to impose the death penalty,

whereas, could he have pleaded guilty, the court could have imposed only the punishment of imprisonment. The imposition of this limitation upon a person charged with crime is within the power of Congress, and deprives a defendant of no constitutional right. If a plea of guilty may be accepted under the present statute, it places it within the power of defendants, in just such cases as the jury would be likely to assess the higher punishment, to escape such punishment by entering a plea of guilty, thereby nullifying the whole intent of Congress.

The absurdities to which the contention of counsel for defendant would lead are well expressed in the opinion of the learned trial judge as follows: "The contention of the defendant is that there was no issue to be submitted to the jury, inasmuch as his plea admitted his guilt; that hence there could be no verdict and consequently no addition of the death penalty. His construction of the statute is that the legislature said to him, 'If you will plead guilty, you shall be imprisoned only; if you plead not guilty, and are found guilty by the jury, you may be hanged;' that, faced with this alternative, he plead guilty and is entitled to the milder punishment. Is that a construction that can properly and legally be placed upon the statute? Is it legitimate to suppose that the legislature has put a penalty upon pleading not guilty? Would a legislature have a constitutional right to penalize an accused person for pleading not guilty? Suppose the legislature should say, 'The punishment of this crime shall be imprisonment only, if the accused will confess his guilt in open court, but if he will not confess, and insists upon the government proving its case against him, then, in case he is convicted, he shall be hanged.' Would such an act be constitutional? Could any court in such circumstances ever have any assurance that a plea of guilty was a voluntary plea? If a judge should say to the accused, 'If you will plead guilty, I will give you a lighter sentence than I shall give you if you plead not guilty, and are convicted,' what would be the result? Any sentence passed upon a plea of guilty thus obtained would be set aside.

Can we then suppose that the legislature intended to do such a thing? Nobody doubts the right and power of the legislature to require the guilt of the accused to be ascertained by the verdict of a jury, even if he pleads guilty. The only question is whether it has exercised that power in the case of this statute. If we say that it has not,—if we hold that it has offered the accused a reward for pleading guilty, or threatened him with severer punishment if he shall require the case to be proved against him, then we must hold that the provision is unconstitutional and void as violating the clause of the Federal Constitution in the 6th Article of Amendment, which guarantees that 'in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury.' For how can one be said to be left in the free enjoyment of a jury trial when the statute subjects him to a severer punishment on being found guilty by a jury than when he is adjudged guilty on his own plea?"

The judgment is affirmed. *Affirmed.*