MONA M. WILSON V. STATE OF NEBRASKA.

FILED NOVEMBER 28, 1928. No. 26553.

*Charles E. Matson* and *R. L. Wilhite,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

STALMASTER, District Judge.

This was a criminal prosecution against the plaintiff in error, who will hereafter be called the defendant, commenced by the county attorney for Sheridan county, Nebraska. The information filed was very obviously drawn under section 9544, Comp. St. 1922, and was intended to charge the defendant with murder in the first degree by administering poison.

The information was filed July 22, 1927, and on the same day the defendant pleaded guilty and was sentenced by the court to a term of 30 years in the state penitentiary. It is nowhere apparent from the record that a jury was impaneled and sworn at any stage of the proceedings, and

we must, therefore, assume that a jury was never called to consider or hear the case.

The defendant filed her petition in error in this court, setting forth seven assignments of error, but an examination of the transcript discloses that only the statutory ground of newly discovered evidence was assigned in the lower court as ground for a new trial. The motion for a new trial was filed August 27, 1927, and on the same day a motion in arrest of judgment was also filed, the reason therein set out being that "the facts stated in the information filed herein do not constitute an offense under the statutes of the state of Nebraska."

On January 26, 1928, both of these motions were overruled by the trial court, after which the petition in error was duly filed in this court.

In the brief filed by the defendant, twelve distinct propositions of law are presented for consideration. An examination of the transcript, however, discloses that only propositions numbered one to ten are necessary to the consideration of the matters presented for review.

The first proposition urged is that only the court *and jury* may determine the penalty to be imposed in first degree murder, and that a defendant charged with that offense cannot waive the statutory requirement of a jury to fix the penalty. The second is that, since the information does not state an offense under the laws of this state, the motion in arrest of judgment should have been sustained under the provisions of section 10159, Comp. St. 1922.

We shall consider the last-named proposition first and the first-named last, because of the manifest precedence the latter has over the former.

1. Without reciting the formal introduction, the information filed charged the defendant did—

"On the 17th day of July, A. D. 1927, in the county of Sheridan and state of Nebraska, aforesaid, then and there being, did then and there unlawfully, purposely, feloniously and of deliberate and premeditated malice, one Olive E.

Loomis, with poison, to kill and murder in and upon the said Olive E. Loomis, then and there being, wilfully, feloniously and of her deliberate and premeditated malice, did make an assault, and a large quantity, to wit, two grains' weight of a certain deadly poison called strychnine, then and there wilfully, feloniously and of her malice aforethought did give and administer unto the said Olive E. Loomis, with intent that the said Olive E. Loomis should take and swallow the said strychnine down into her body, she the said Mona M. Wilson, then and there well knowing the said strychnine to be a deadly poison, and the said Olive E. Loomis, the said strychnine, so given and administered unto her by the said Mona M. Wilson, as aforesaid, did then and there take and swallow down into her body, by reason and by means of which said taking and swallowing down the said strychnine into her body, she, the said Olive E. Loomis, then and there became and was mortally sick and distempered in her body, and of the said mortal sickness and distemper on the said 17th day of July, A. D. 1927, she the said Olive E. Loomis, in the county and state aforesaid, of the said mortal sickness and distemper died."

It then concludes with this final statement:

"And so the said county attorney, aforesaid, on oath doth say that the said Mona M. Wilson did murder her, the said Olive E. Loomis, as aforesaid, unlawfully, purposely, feloniously, and of her deliberate and premeditated malice, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska."

Since the concluding part of the information last quoted is nothing more than a mere conclusion arising from the facts previously stated and cannot cure any defects in the premises on which it assumes to be predicated, we must leave it wholly out of consideration in determining the sufficiency of the information. *Schaffer v. State*, 22 Neb. 557.

The material parts of section 9544, Comp. St. 1922, under which the information was drawn reads:

"Whoever shall purposely and of deliberate and premeditated malice * * * by administering poison, or causing the same to be done, kill another, * * * every person so offending shall be guilty of murder in the first degree."

There is much that might have been left out of the information as drawn without affecting the essential parts stated therein. This court has held that, where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected. *Hase v. State,* 74 Neb. 493.

The information reduced to the simplest form merely states that the defendant unlawfully, purposely, feloniously and of deliberate and premeditated malice to kill and murder one Loomis with poison, did give and administer a deadly poison called strychnine to the said Loomis, knowing it to be a deadly poison, and that Loomis did take the poison so given and administered, by reason of which Loomis died on July 17, 1927.

We think this substantially recites all of the elements of the crime under section 9544, which states that whoever purposely and of deliberate and premeditated malice by administering poison kills another is guilty of murder in the first degree.

In charging the commission of an offense in an indictment, it is not necessary that the exact words of the statute be used, provided that the words employed are the equivalents in meaning of those contained in the statute. *Hase v. State,* 74 Neb. 493.

We think it not improper to suggest that the style employed for stating the offense is rather involved, but on the whole it is sufficient to meet the requirements of the statute under which it was drawn. The motion in arrest of judgment was therefore properly overruled.

2. The defendant pleaded guilty to the information set out heretofore, and it is clear that no plea could be received to anything less than first degree murder under the information before the court. Section 9544 heretofore quoted also provides:

"Every person so offending shall be deemed guilty of murder in the first degree, and upon conviction thereof shall suffer death or shall be imprisoned in the penitentiary during life, *in the discretion of the jury.*"

Upon the plea of guilty by the defendant, the court without the aid or intervention of a jury sentenced her to 30 years in the state penitentiary. It may be observed that, if the court did have the right to pronounce sentence, it could only do so by imposing the death penalty or imprison the defendant in the penitentiary during life.

It seems to us, however, that the court undertook to do that which is exclusively vested "in the discretion of the jury." What the penalty should be for murder in the first degree is for the jury to determine. It is then but a mere formality for the court to pronounce a sentence the determination of which the law vests with the jury exclusively.

The law of Indiana governing capital cases is almost identical with that of Nebraska. The same question seems to have been presented in *Wartner v. State,* 102 Ind. 51. In this case the court received a plea of guilty to a charge of murder in the first degree and fixed the penalty at death. Reversing the action of the trial court, the supreme court of Indiana said:

"In the case in hand, the record fails to show whether or not the appellant waived, or attempted to waive, his constitutional right to a trial by jury; but, as such a waiver is not authorized by statute in this case, the silence of the record on this point is wholly immaterial. Nor is it material that the record fails to show any objection or exception, by or on behalf of the appellant, to the trial of his case by the court or to any of the proceedings had therein. It is shown by the record that appellant's case is a capital

case, and that the court, without the intervention of a jury, tried his case, found him guilty as charged, and adjudged that he suffer the penalty of death. This the court was not authorized to do, nor was the appellant authorized to consent thereto by any law of this state. *Koerner v. State,* 96 Ind. 243. After the appellant's plea of guilty, the proceedings and judgment of the court are erroneous, and errors of so grave a character that he has the right to insist upon them here as affording substantial grounds for the reversal of the judgment. The law of his case as declared in section 1904, Rev. St. 1881, is that for the felony, whereof he says he is guilty, he 'shall suffer death or be imprisoned in the state prison during life, *in the discretion of the jury.*' In assessing his punishment the record shows that the court usurped and exercised a discretion which the statute has conferred upon the jury, and not upon the court. Under the statute the appellant had and has the right to have a jury say, in their discretion, which one of the two punishments he shall suffer."

We have heretofore written approvingly that, where there is a plea of guilty in a homicide case and the court determines the crime to be first degree murder, the proper procedure then is to submit to a jury the question of the penalty to be imposed. *Cole v. State,* 105 Neb. 371. It is our opinion, therefore, that the court invaded the province of the jury in fixing the penalty, the right so to do being vested exclusively with the jury.

3. We have held on another occasion: "Jurisdiction to pronounce a particular sentence imposed is as essential as jurisdiction of the person and subject-matter. If the first does not exist the sentence is void." *In re McVey,* 50 Neb. 481.

4. It is argued by the state, however, that the attack upon the right of the trial court to pronounce the sentence and the validity of it should have been first made in the motion for a new trial, and not having done so, the defendant may not now urge it for the first time in this court. A number of authorities are cited in the state's brief to

sustain the proposition, with which there can be no dispute, that errors complained of to be available on appeal must be set out in the motion for a new trial. We believe, however, that the situation in hand is without the rule contended for.

The trial court having no authority or power to fix the penalty could not legally pronounce it upon the defendant, and its attempt to do so was a nullity and without legal force and effect. The complaint to be made, therefore, is not that a mere error has been committed in the proceedings before the lower court. It is rather that the court was without jurisdiction to proceed at all as it did.

Where the court pronounces a sentence upon a defendant in a criminal case which it has no jurisdiction to fix or determine, objections to the exercise of such jurisdiction by the trial court may be raised for the first time on appeal to this court without first having presented the question before the trial court in a motion for a new trial. *State v. Swikert,* 65 Or. 286; *Johnson v. State,* 141 Ala. 7; *Waters v. Commonwealth,* 171 Ky. 457; *Monroe v. State,* 103 Miss. 759; *Rodgers v. City of Hattiesburg,* 99 Miss. 639. See, also, 17 C. J. 67, sec. 3334, and cases cited in note 27.

The transcript shows that the defendant was given a preliminary hearing in the county court on July 22, 1927; that a few hours later she was given a hearing upon the information in question in the district court, where she pleaded guilty; that on July 24, 1927, she was committed to the penitentiary and began serving her sentence. From an examination of the record we deem it proper to instruct the court to permit the defendant, if so advised, to withdraw her plea of guilty at any subsequent hearing.

For the reasons given, the judgment rendered in the district court is set aside and the cause is remanded.

REVERSED.