[Crim. No. 4633.   In Bank.   June 28, 1945.]

THE PEOPLE, Respondent, v. WILLIAM LEVA HOUGH, Appellant.

Morris Lavine, Milton B. Safier, Robert E. Krause and Lyle M. Stevens for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

THE COURT.—This is an appeal from an order denying a petition for a writ of error *coram nobis*, by which petition defendant sought to have vacated the judgments and sentences of death previously entered upon his pleas of guilty to two counts of murder as charged in an amended indictment.

The extreme penalty had been imposed after the trial court had taken evidence to determine the degree of the crimes and to fix the punishment, and the judgments had been affirmed on appeal. (*People* v. *Hough,* 24 Cal.2d 535 [150 P.2d 444].) During the pendency of said appeal, defendant filed in this court a petition for a writ of habeas corpus contending that the judgments of conviction were illegal and violative of the Fourteenth Amendment of the Constitution of the United States, and deprived him of his life without due process of law. After giving full consideration to defendant's claims, including the claim that his pleas of guilty were secured and induced by improper and illegal means which allegedly rendered his conviction void and of no legal effect, this court denied the relief sought by defendant in said habeas corpus proceeding. (*In re Hough,* 24 Cal.2d 522 [150 P.2d 448].) Defendant thereupon filed a petition in the Supreme Court of the United States for a writ of certiorari, which was denied. (*Hough* v. *People of State of California,* 323 U.S. 780 [65 S.Ct. 192, 89 L.Ed. ——].)

An examination of defendant's petition for a writ of error *coram nobis,* which was thereafter filed in the trial court, shows that he was seeking relief upon the same grounds which he had previously urged in this court on the habeas corpus proceeding. Before any evidence was taken in the trial court in support of the petition, respondent moved to dismiss the proceeding upon the ground that all matters alleged in the petition had been considered and determined by this court in the habeas corpus proceeding. The trial court denied the motion, stating "The man's life is at stake, and I feel constrained to proceed." Defendant was then given the widest latitude in presenting evidence in support of his petition. At the conclusion of the evidence offered by defendant, respondent again moved to dismiss the petition. This motion was denied and respondent presented its evidence. After argument and a consideration of all the evidence, the trial court denied the petition. It is argued by respondent that the trial court should have granted the motions to dismiss the proceeding, but it is unnecessary to decide that question. The trial court considered the petition on the merits, without reference to the doctrine of res adjudicata, and we are satisfied that its order denying the petition upon the merits must be affirmed.

A review of the record shows that substantially the

same evidence was presented by defendant in this proceeding as had been presented by him on the habeas corpus proceeding. Reference is hereby made to the opinion of this court ῾on the habeas corpus proceeding (*In re Hough,* 24 Cal.2d 522 [150 P.2d 448]) for a summary of that evidence and also for a discussion of the claims made by defendant in that proceeding as well as the claims made in the proceeding now under consideration. It would therefore serve no useful purpose to repeat that summary of the evidence or to repeat that discussion here. It is true that there was an extended hearing in this proceeding in which witnesses were orally examined and cross-examined, but the substance of the testimony offered by defendant remained the same. Any additional evidence offered by defendant in support of the petition for a writ of error *coram nobis* was merely cumulative. On the other hand, there was evidence offered by respondent which tended strongly to refute the main claim of defendant to the effect that he had entered his pleas of guilty in reliance upon some assurance or guarantee that the punishment would be life imprisonment rather than the extreme penalty. That evidence showed that he had expressed his intention of pleading guilty shortly after his arrest and prior to the time that he had any discussions with counsel; that after the indictment had been filed, and before arraignment, he talked of getting the "hot seat"; and that while the trial court was taking evidence following his pleas of guilty, he said to one of the officers, "I wonder what the judge will give me." It therefore appears that the trial court was justified in determining that defendant had not entered his pleas of guilty in reliance upon any assurance or guarantee respecting the penalty; and it further appears that the trial court was justified in concluding upon the entire evidence, some of which was conflicting in its material aspects, that defendant was not entitled to the relief demanded.

Defendant cites and relies upon *People* v. *Gilbert,* 25 Cal. 2d 422 [154 P.2d 657], but that case is not helpful to defendant. It is sufficient to point out that the "unqualified factual representations" set forth in that opinion were quite different, and that the decision on defendant's habeas corpus proceeding (*In re Hough,* 24 Cal.2d 522 [150 P.2d 448]) was distinguished in the cited case at page 443.

There is perhaps one new point of law which is presented by defendant for the first time on this appeal. Defen-

dant contends that the provisions of section 190 of the Penal Code, authorizing the court, upon a plea of guilty, to fix the penalty after determining the degrees of the crime, are repugnant to the constitutional provisions guaranteeing the right to trial by jury. (Const., art. I, § 7.) A similar question was decided adversely to defendant's claim in the early case of *People* v. *Noll,* 20 Cal. 164, where it was said at page 165: "The proceeding to determine the degree of the crime of murder after a plea of guilty is not a trial. No issue was joined upon which there could be a trial. There is no provision of the Constitution or of any statute which prevents a defendant from pleading guilty instead of having a trial by jury. If he elects to plead guilty to the indictment, the provision of the statute for determining the degree of the guilt, for the purpose of fixing the punishment, does not deprive him of any right of trial by jury." (See, also, *People* v. *Lennox,* 67 Cal. 113 [7 P. 260]; *People* v. *Chew Lan Ong,* 141 Cal. 550 [75 P. 186, 99 Am.St.Rep. 88]; and *People* v. *Hickman,* 204 Cal. 470 [268 P. 909, 270 P. 1117].) Authorities from other jurisdictions, cited by defendant in support of his claim that, despite his pleas of guilty, he was entitled to have a jury determine the penalty, have no relevancy here. They involved statutes unlike our own in that they expressly conferred upon the jury the right to fix the punishment on a plea of guilty. Typical of defendant's cited authorities are *Wartner* v. *State,* 102 Ind. 51 [1 N.E. 65]; *Wilson* v. *State,* 117 Neb. 692 [222 N.W. 47]; and *State* v. *Best,* 44 Wyo. 383 [12 P.2d 1110].

The order denying defendant's petition for a writ of error *coram nobis* is affirmed.